### 6822.  HOOD v. BATTLE.

HODGES, J.  It appearing, from undisputed evidence, that the defendant was in possession of sufficient facts to put him on actual notice and inquiry, as a prudent man, as to the nature of the "papers" held by the plaintiff against the property in controversy, the judgment is affirmed. Park's Ann. Code, § 4530.  It is unnecessary to decide other questions raised by the record.                                 *Judgment affirmed.*

DECIDED JUNE 28, 1916.

Trover; from city court of Thomasville—Judge W. H. Hammond.  June 26, 1915.

Battle brought trover against Hood for a mule.  A verdict for the plaintiff was directed by the court, and the defendant excepted. From the evidence it appeared, that the plaintiff was originally the owner of the mule and sold it to Deas, taking from the purchaser a purchase-money note, in which title to the animal was retained in the vendor until payment of the note, which was unpaid at the time of the trial; that the purchaser mortgaged the mule to the defendant, and eventually traded it to him, and the defendant sold and delivered it to another person.  One of the issues in the case was whether the record of the note retaining title in the plaintiff operated as constructive notice, it being contended that at the time of the recording the maker was not a resident of the county in which it was recorded; but, in view of the ruling as to the sufficiency of the evidence as to actual notice, that evidence alone will be set out.  The wife of Deas testified that at the time the mule was traded to the defendant, she told him "that Battle had a claim against this mule, and that Mr. Deas ought not to trade it." Also: "I told Mr. Hood before he traded with my husband for the mule herein sued for, and before said mule was turned over to him by my husband, that my husband had no right to trade said mule while Mr. Battle (the plaintiff) held papers against it, and that my husband had not finished paying Mr. Battle for said mule." The defendant testified, that before the mule was mortgaged to him, "Deas said he had bought it from Battle and paid cash for it;" but when Deas finally traded it to him Mrs. Deas was present and "said that Mr. Deas had not finished paying Battle for the mule, and that Deas ought not to trade him.  .  .  Mr. Deas said that this was not so, that Battle had nothing against the mule, that Battle owed him something for letting a pair of horses run over him once in his stable, from which he was paralyzed, and that was

why he let him have the mule for a payment of $50 cash, without taking any paper against the mule." He (the witness) "knowing about the injury Deas had received, thought he was telling the truth, and traded on the strength of that statement."

*Merrill & Grantham,* for plaintiff in error.

*Roscoe Luke, C. E. Hay, James Humphreys,* contra.